UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

DAVID JACKLYN,

    Defendant.
----------------------------------------------------------x

10 CR 391-67 (CM)

DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION
FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

McMahon, J.:

David Jacklyn was a member of the violent Bloods gang, in Newburgh, New York. On July 30, 2016, he pleaded guilty to one count of participating in a racketeering conspiracy (Count Two); one count of participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine (Count Seventeen); and one count of possessing, using, and carrying firearms during and in furtherance of a drug trafficking crime, and aiding and abetting the same (Count Twenty-Four). Jacklyn admitted during his guilty plea hearing to, among other things, selling crack cocaine, shooting an innocent bystander in the face during an altercation with a rival gang, and stabbing a man who falsely claimed to be a member of the Bloods. The parties stipulated that the applicable Guidelines range was 135 to 168 months' imprisonment on Counts Two and Seventeen, to be followed by a mandatory consecutive 60 months' imprisonment on Count Twenty-Four, for a total of 195 to 228 months' imprisonment.

On April 9, 2013, the Court sentencing Jacklyn to 195 months—135 months on each of Counts Two and Seventeen, to run concurrently with one another, to be followed by the

mandatory minimum of a consecutive 60-month sentence on Count Twenty-Four. Defendant is currently serving his sentence—his current release date is April 10, 2026.

In June 2016, Jacklyn asked the Court to reduce his sentence pursuant 18 U.S.C. 3582(c)(2), in light of the United States Sentencing Commission's amendment (Amendment 782) to the Sentencing Guidelines. Amendment 782 reduced most offense levels on the Sentencing Guidelines' Section 2D1.1' Drug Quantity Table by two levels. Although Jacklyn was eligible for a reduction, the court declined to reduce his sentence, concluding:

> Defendant's disciplinary history while incarcerated, combined with his violent criminal behavior leading to the instant convictions, militate against any reduction in Jacklyn's sentence. Accordingly, after considering all of the sentencing factors set forth at 18 U.S.C 3553(a), the Court declines--in an exercise of its discretion--to grant a reduction.

*United States v. Jacklyn*, 10-cr-00391-CM, Document 1584.

Before the Court is Jacklyn's renewed motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), again urging the Court to reduce his prison sentence from 195 months to 180 months. Jacklyn argues that a lot has changed since his last motion, "both in the world generally, and in Mr. Jacklyn's life, specifically," including a pandemic that created harsh prison conditions; the imminent passage of the EQUAL Act (currently pending in Congress, which would eliminate the sentencing distinction between crack and powdered cocaine, which, had it been in place at the time of his sentencing, would have lowered Jacklyn's Guidelines sentencing range); and Jacklyn's participation in BOP educational programs, and reduced disciplinary problems, evidencing a greater level of rehabilitation than in the past.

The overriding reason for the Court not granting Jacklyn's original motion persists today: the seriousness of Jacklyn's underlying offenses. *See* 18 U.S.C. § 3553(a)(2)(A). Jacklyn was an important and violent member of the Bloods gang. He committed vicious acts

of violence and helped litter the streets of Newburgh with crack. As I said at sentencing, "I think 195 months is sufficient. ... But, I mean for you to serve it. I'm not giving you credit for anything. I mean you are to serve it." (Sent. Tr. 15–16). Nothing in Jacklyn's renewed presentation moves this Court to alter its original decision: not the possibility of pending legislation to eliminate the crack/powder cocaine sentencing disparity; and not the unfortunate circumstances of being in prison during a pandemic. And while Jacklyn has taken some educational courses offered by the BOP (a good thing), he has also had additional, albeit fewer, disciplinary infractions, most notably for possession of cell phones (a bad thing in the prison setting). It is simply not an inmate report that suggests extraordinary rehabilitation worthy of a sentencing reduction—especially in light of Jacklyn's underlying criminal conduct.

Accordingly, after considering all of the sentencing factors set forth at 18 U.S.C 3553(a), the Court declines--in an exercise of its discretion--to grant a reduction.

Jacklyn's renewed motion is denied.

March 23, 2022

_____
Colleen McMahon
District Court Judge