USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                    10 CR 391-67 (CM)

DAVID JACKLYN,

                Defendant.

----------------------------------------x

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

McMahon, J.:

David Jacklyn was a member of the violent Bloods gang, in Newburgh, New York. On July 30, 2016, he pleaded guilty to one count of participating in a racketeering conspiracy (Count Two); one count of participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine (Count Seventeen); and one count of possessing, using, and carrying firearms during and in furtherance of a drug trafficking crime, and aiding and abetting the same (Count Twenty-Four). Jacklyn admitted during his guilty plea hearing to, among other things, selling crack cocaine, shooting an innocent bystander in the face during an altercation with a rival gang, and stabbing a man who falsely claimed to be a member of the Bloods. The parties stipulated that the applicable Guidelines range was 135 to 168 months' imprisonment on Counts Two and Seventeen, to be followed by a mandatory consecutive 60 months' imprisonment on Count Twenty-Four, for a total of 195 to 228 months' imprisonment.

On April 9, 2013, the Court sentencing Jacklyn to 195 months—135 months on each of Counts Two and Seventeen, to run concurrently with one another, to be followed by the

mandatory minimum of a consecutive 60-month sentence on Count Twenty-Four. Defendant is currently serving his sentence—his current release date is April 20, 2026.

In June 2016, Jacklyn asked the Court to reduce his sentence pursuant 18 U.S.C. 3582(c) (2), in light of the United States Sentencing Commission's amendment (Amendment 782) to the Sentencing Guidelines. Amendment 782 reduced most offense levels on the Sentencing Guidelines' Section 2D1.1' Drug Quantity Table by two levels. Although Jacklyn was eligible for a reduction, the court declined to reduce his sentence, concluding:

> Defendant's disciplinary history while incarcerated, combined with his violent criminal behavior leading to the instant convictions, militate against any reduction in Jacklyn's sentence. Accordingly, after considering all of the sentencing factors set forth at 18 U.S.C 3553(a), the Court declines--in an exercise of its discretion-- to grant a reduction.

*United States v. Jacklyn*, 10-cr-00391-CM, Document 1584.

In 2022, Jacklyn again sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket Entry 1970); again, urging the Court to reduce his prison sentence from 195 months to 180 months. Jacklyn argued that a lot has changed since his last motion, "both in the world generally, and in Mr. Jacklyn's life, specifically," including a pandemic that created harsh prison conditions; the imminent passage of the EQUAL Act (then pending in Congress, which would ultimately pass and eliminate the sentencing distinction between crack and powdered cocaine, which, had it been in place at the time of his sentencing, would have lowered Jacklyn's Guidelines sentencing range); and Jacklyn's participation in BOP educational programs, and reduced disciplinary problems, evidencing a greater level of rehabilitation than in the past.

Although Jacklyn was again eligible for a reduction, the Court denied his motion, explaining:

> The overriding reason for the Court not granting Jacklyn's original motion persists today: the seriousness of Jacklyn's underlying offenses. *See* 18 U.S.C. § 3553(a)(2)(A). Jacklyn was an important and violent member of the Bloods gang. He committed vicious acts of violence and helped litter the streets of Newburgh with crack. As I said at sentencing, "I think 195 months is sufficient. ... But, I mean for you to serve it. I'm not giving you credit for anything. I mean you are to serve it." (Sent. Tr. 15–16). Nothing in Jacklyn's renewed presentation moves this Court to alter its original decision: not the possibility of pending legislation to eliminate the crack/powder cocaine sentencing disparity; and not the unfortunate circumstances of being in prison during a pandemic. And while Jacklyn has taken some educational courses offered by the BOP (a good thing), he has also had additional, albeit fewer, disciplinary infractions, most notably for possession of cell phones (a bad thing in the prison setting). It is simply not an inmate report that suggests extraordinary rehabilitation worthy of a sentencing reduction—especially in light of Jacklyn's underlying criminal conduct.

(Docket Entry 1981 at 2–3).

Jacklyn once again seeks a reduction in sentence, this time in-light-of Amendment 821 to the United States Sentencing Guidelines. (Docket Entry 2005). Amendment 821 amended the Guidelines in two respects: (1) Part A amends Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points; and (2) Part B, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria. The Sentencing Commission made these amendments retroactive effective November 1, 2023.

Jacklyn is indeed eligible for a reduction. When accounting for Jacklyn's juvenile conviction and the drug offense level reductions, his new offense level is 30 (reduced two levels from 32, and still incorporating his VICAR conduct), and his new Criminal History Category is II (two criminal history points, as opposed to four, because of Amendment 821). Thus, Jacklyn's new Guidelines calculation for Counts Two and Seventeen is 120 to 135 months' imprisonment,

which, when coupled with Jacklyn's Section 924(c) count, results in a total Guidelines range of 180 to 195 months' imprisonment.

In support of his motion, Jacklyn argues that:

> Since the Court's decision in March of 2022, Mr. Jacklyn has served an additional 22 months, for a total of 148 months. It appears that Mr. Jacklyn has taken the Court's decision to heart, or matured, or both. As the attached records show, Mr. Jacklyn has not incurred a single disciplinary infraction since July 2021. … He has not engaged in any acts of violence since 2015. …
>
> In addition, Mr. Jacklyn's efforts to educate himself and keep himself busy have increased in the last two years. As the Court can see from the attached records, he has completed a significant number of classes. While he took 19 classes between 2016 and 2022, he has taken 19 more just in the last 24 months. … It is clear from his progress reports that Mr. Jacklyn is on a positive trajectory as he approaches his scheduled release date.

(Docket Entry 2005 at 3). Jacklyn also argues, once again, that his conditions of confinement during the pandemic present an additional ground warranting his early release. (Docket Entry 2005 at 3).

The only thing that has changed since I last denied Jacklyn a sentencing reduction is that he has gone several years without being cited for any disciplinary violations and has completed a series of BOP educational and self-betterment classes. That is a good development. However, Jacklyn is still the person who—among other bad thigs—shot in the face an innocent bystander who had the misfortune to get in the middle of a gang turf war, stabbed a rival gang member, helped flood his community with crack and other illegal drugs, and generally helped—along with Anthony Boykin and his fellow Bloods—to wreak havoc on the citizens of Newburg.

The 195 month's sentence Jacklyn received was well deserved— for his crimes, an even greater sentence would have been justified. What I said at sentencing still holds:

"I mean for you to serve it. I'm not giving you credit for anything. I mean you are to serve it." (Sent. Tr. 15–16).

Having considered all of the sentencing factors set forth at 18 U.S.C 3553(a) and taking into account the harsh conditions all inmates were forced to endure during the pandemic, the Court declines – in an exercise of its discretion – to grant a reduction.

Jacklyn's motion is denied.

June 12, 2024

Colleen McMahon
District Court Judge